LHENRY G. SULLIVAN, JR., Judge
Pro Tempore.
This matter comes on appeal after trial in the Office of Workers’ Compensation Administration in which the court found that plaintiffs injuries were sustained as a result of an accident while in the course and scope of his employment with the defendant. The court ordered that the surgical procedures recommended by plaintiffs treating physician be authorized and paid for by defendant; assessed the defendant with a penalty of $2,000 for the late payment of medical expenses; assessed the costs of the proceedings to the defendant; and, in all other respects denied plaintiffs demands. The plaintiff appeals citing numerous issues, such as bias and prejudice on the part of the trial judge, failure to award weekly benefits, improper admission of evidence, failure of the court to enforce agreement reached at mediation, inadequate penalty for the untimely payment of medical expenses, and the denial of motion to recuse the trial judge.
On March 19, 1998, Dodiyi J. William-west, appellant, was involved in a motor vehicle accident while in the course and scope of his employment as a traveling photographer for appellee, PCA International, Inc. Appellant testified that the accident occurred when he experienced a blow out, causing his vehicle to leave the roadway near Sorrento, Louisiana. Appellant’s vehicle went into a swamp and struck a tree. As a result of the accident, appellant claims to have [¡¡injured his neck, his left and right shoulders, his lower back, leg and hip. At the time of trial, appellant’s main complaints were of lower back and left shoulder pain. Appellant’s treating neurologist, Dr. Idowu, testified that he released appellant to return to light duty employment as of May 2, 1998. Appellant testified that he continued to work for the appellee in a modified light duty capacity for a period of one year following this accident. The most recent physician to treat the appellant was Dr. Stuart Phillips. Dr. Phillips testified that he could see no reason why appellant could not engage in light duty work. Appellant was later assigned duties such as the handling of photographs and assisting photographers, due to complaints that certain medications were causing him to become drowsy and unable to perform his photography duties. Ms. Bordeaux, a corporate representative for PCA International, Inc., testified that consistent with company policy *529 dealing with injured employees, appellant was assigned a light-duty job requiring him to phone customers regarding then-pictures, pass out flyers, greet customers, hand out photos, and exchange money. The appellant continued in this capacity until March 10, 1999, at which time his employment was terminated. Ms. Bordeaux testified that the appellant’s termination was due to tardiness and confrontations with co-workers, customers and members of host studios.
The first issue on appeal is appellant’s contention that the decision to dismiss various aspects of his claim was influenced by the trial court’s own personal feelings, bias, and prejudice. We find no merit to this argument. Appellant’s motion to recuse the trial judge was considered and dismissed by Judge Sheral Rel-iar, the chief judge of the Office of Workers’ Compensation. Judge Reliar found that the evidence submitted, even when viewed in the light most favorable to the appellant, amounted to only eon-clusory allegations.
In his second issue, appellant contends the trial court erred in failing to determine the amount of weekly wages due claimant. This court’s review of a ^workers’ compensation judge’s decision is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94) 630 So.2d 733. Therefore, factual findings of the workers’ compensation judge cannot be set aside unless this court finds that they are manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact-finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129.
Louisiana Revised Statute 23:1221(l)(c) provides, in pertinent part, “that compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self employment....” Thus, in the absence of clear and convincing evidence that the employee is physically unable to engage in any employment, the claimant’s demand for temporary total compensation benefits must fail. Triche v. Regional Elec. & Const., Inc., 95-0105 (La.App. 1 Cir.10/6/95), 671 So.2d 425, 430. Likewise, to be entitled to Supplemental Earnings Benefits the claimant bears the burden of proving by a preponderance of the evidence that his work-related injury prevents him from earning wages equal to 90% or more of his wages at the time of his injury. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129.
Appellant’s own testimony established that he was released to return to light-duty employment and that he did, in fact, return to light-duty employment with the appellee for a period of one year. The appellant was earning 100% of his pre-injury wages up to the point of his termination, and his own treating physician testified that the appellant was and is still capable of engaging in light-duty | fiemployment. We find that the trial court’s decision to deny appellant’s demand for indemnity benefits is not manifestly erroneous or clearly wrong and thus is affirmed.
The next issue raised by the appellant is that the trial court erred in failing to consider the amount of property dam *530 ages, reimbursements owed, wage benefits owed, and the potential cost for surgery in determining the amount of penalties to be assessed against the appellee. In its judgment, the trial court assessed appellee with a $2,000 penalty for its untimely payment of medical expenses. LSA-R.S. 23:1201(F) sets out the potential penalty that can be assessed against an employer for its failure to timely pay medical expenses. It provides that:
Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in aggregate for any claim.
Thus, the trial court did not err in its decision to impose a penalty of $2,000, the maximum amount allowed by statute in this case.
Finally, appellant claims the Office of Workers’ Compensation mediator, appellant’s former attorneys, and the trial court itself were parties to a conspiracy against him. Based upon the record in this matter, we find no such evidence.
For the reasons stated above, we affirm the judgment of the trial court in all aspects. Costs are assessed to the appellant.
AFFIRMED.